FILED
Lucinda B. Rauback, Acting Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 11:02 am, Aug 27, 2012

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 Case |
| | ) | Number <u>12-10536</u> |
| RICKY J. WIGGINS | ) | |
| HYLAN N. WIGGINS | ) | |
| | ) | |
| Debtors | ) | |
| | ) | |

### **OPINION AND ORDER**

Pursuant to notice and a hearing, the claim of Preferred Credit, Inc. (Claim No. 6) is stricken. In accordance with Bankruptcy Rule 5005(a)(2) this court established practices and procedures requiring all documents be filed electronically unless a waiver is granted.

> Unless otherwise expressly provided . . . all petitions, motions, memoranda of law, claims, or other pleadings and documents shall be filed electronically using the Electronic Case Files (ECF) system, or shall be scanned and uploaded, unless otherwise required or permitted by the Court.

ECF Local Rule 1, effective October 1, 2010, http://www.gasb.uscourts.gov/pdf/MandatoryAdministrativeProcedures_October2010.pdf; <u>see also</u> Fed. R. Bankr. P. 9029.

This electronic filing requirement applies to all

AO 72A
(Rev. 8/82)

entities filing proofs of claim in the Southern District of Georgia. See id. § II.A.1.g. ("If such entities file paper claims without a judicial waiver, the court will consider striking the documents.") Moreover, specially as to proofs of claim, "Entities that file fifteen (15) or more proofs of claim during any 12 month period must file the claims electronically. . . ." Id. at § II.A.1.g.

Notwithstanding the provisions of ECF Local Rule 1 and the Administrative Procedures, Preferred Credit, Inc. conventionally filed proof of claim without first seeking permission of the Court. Accordingly, the Clerk's office on May 24, 2012, issued an Order to Show Cause why sanctions should not be imposed by the court for failure to comply with the electronic filing requirements or, request leave to be allowed to file conventionally.

Preferred Credit, Inc. did not respond to the notice. A hearing was set for Preferred Credit, Inc. to show cause why it should be permitted to file conventionally. After notice, Preferred Credit, Inc. failed to appear at the July 16, 2012 hearing.

Preferred Credit, Inc. thus having failed to comply with the mandatory electronic filing procedures of the Bankruptcy Court

2

and having failed to appear at the show cause hearing, the proof of claim of Preferred Credit, Inc. in the amount of $1,260.30 is ORDERED STRICKEN.

_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this  24th  Day of August 2012.

3

AO 72A
(Rev. 8/82)